UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD JAMES CARTER,

     Plaintiff,

v.                                                                    Case No. 3:26cv4126-TKW-HTC

C. NICOLAS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerald James Carter, a prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and paid the full filing fee (Doc. 3). After reviewing the complaint, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE because Carter failed to truthfully disclose his litigation history.

In his handwritten complaint, Carter set out the language from Section VIII of the Court's official § 1983 complaint form requiring him to disclose his prior litigation history. Question A asks Carter to identify any cases he filed "in federal court and federal appellate court," that were "dismissed as frivolous, malicious, or failure to state a claim" or "prior to service." Doc. 1 at 11. Question B asks Carter to identify "other lawsuits, appeals in State and Federal court dealing with the same facts or issues involved in this case." *Id.* at 12. Question C asks Carter to identify

any "other lawsuit, habeas corpus petition, [or] appeal in state [or] federal court either challenging conviction or related to the conditions of confinement." *Id.* at 13.

Carter failed to truthfully disclose his litigation history. First, he failed to disclose anywhere on his complaint the following cases: *Carter v. McCullen et al.*, 3:2022cv00038 (M.D. Fla.) (dismissed Jan. 20, 2022 prior to service for failure to state a claim), *Gerald Carter v. Sec'y, Dep't of Corr., et al.*, 20-12472 (11th Cir. COA denied Mar. 26, 2021) (certificate of appealability denied in habeas petition case challenging his conviction), and 2023 CA 002436 (Leon County) (mandamus lawsuit relating to lost, destroyed or missing property while in custody). The first case should have been disclosed in response to Question A, and the second and third cases should have been disclosed in response to Question C.

Second, he failed identify the following cases, which were dismissed prior to service, in response to Question A. Although he did identify *Carter v. Dixon*, 3:2022cv01372 (M.D. Fla.), *Carter v. Marshall et al.*, 2:2022cv00282 (M.D. Fla.), and *Carter v. Quinn, et al.*, 3:2025cv00452 (N.D. Fla.) in response to other questions on the complaint, that is not sufficient. Each question on the form serves a different purpose, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) or cases that are related or duplicative. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013). Therefore, his failure to list them in

the proper section is grounds for dismissal. *See Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when plaintiff failed to truthfully disclose his litigation history by omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form).

Carter signed the complaint form under penalty of perjury that all the information in the complaint form, "including [his] litigation history, is true and correct." Doc. 1 at 14-15. Carter's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. Indeed, Carter should be aware of the importance of truthfully disclosing all his prior cases, as a federal court has previously dismissed one of his cases for failing to accurately disclose his litigation history. *See Carter v. McCullen*, 3:21cv838 (M.D. Fla. Oct. 27, 2021) (dismissing Carter's § 1983 case without prejudice for his failure to disclose his litigation history).

The Court has inherent authority to dismiss a case based on a plaintiff's failure to truthfully and fully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025). If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false or incomplete responses or statements in any pleading or motion filed before it. Thus, if Carter suffered no penalty for his inaccurate responses, there would be

little or no disincentive for his attempt to evade or undermine the purpose of the form. *See e.g., Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.     That this case be DISMISSED without prejudice under this Court's inherent authority for Carter's failure to accurately disclose his litigation history.

2.     That the clerk close the file.

At Pensacola, Florida, this 16th day of June, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:26cv4126-TKW -HTC